```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

BERNARD L. BRYANT,             )
                               )
         Plaintiff,            )
                               )
    v.                         )       No.  11 C 8382
                               )
BEAUTYONE BEAUTY SUPPLY CO.,   )
                               )
         Defendant.            )

MEMORANDUM ORDER

Beautyone Beauty Supply Co. ("Beautyone") has filed its Answer, coupled with an affirmative defense ("AD"), to the pro se Complaint of Employment Discrimination brought against it by its ex-employee Bernard Bryant ("Bryant"). This memorandum order is triggered by the problematic aspects (an understatement) of both the Answer and the AD, the former on procedural grounds and the latter in substantive terms.

As to the Answer, Beautyone's counsel has violated the long-established requirement of this District Court's LR 10.1. This Court has had occasion to explain all too often the good sense underpinning of that LR, and it is hardly necessary to do that once again here.

As for Beautyone's purported AD, which seeks dismissal of Bryant's Complaint on limitations grounds, it too is at odds with good sense--and perhaps more importantly, it ignores a principle confirmed almost a quarter century ago by our Court of Appeals (Paulk v. Dep't of Air Force, 830 F.2d 79 (7th Cir. 1987)) and

confirmed by every other court decision known to this Court. It should be obvious to any lawyer, with or without research (though there is no excuse for failure to engage in research), that an in forma pauperis applicant--who by definition has no control over the time when the assigned District Judge may act on his or her application--is entitled to a tolling of the limitations period once the applicant has timely tendered his or her complaint together with the in forma pauperis application.

In this instance Bryant submitted his papers on November 22, 2011, comfortably within the statutory 90-day period after his receipt of EEOC's right-to-sue letter. If Beautyone's counsel had troubled himself to look at the case docket, he would have seen that. Hence counsel's invocation of a November 29 date as the predicate for claiming untimeliness is flat-out wrong.[1]

Defense counsel's errors could well call for the imposition of sanctions--for example, the claimed AD is obviously at odds with the objective good faith standard established by Fed. R. Civ. P. ("Rule") 11(b)(2), thus calling into play Rule 11(c)(3) and (4). But this Court opts instead for a more moderate response, hereby ordering:

    1. that the Answer and AD are stricken, with leave granted to file a replacement responsive pleading (excluding

---

[1] On November 28 this Court had issued its memorandum order granting Bryant's In Forma Pauperis Application), which is why Dkt. No. 8 properly reflects a November 28 filing date.

the AD, of course) on or before January 13, 2012;

    2. that Beautyone may not be charged for counsel's time and any expense involved in preparing and filing the revised responsive pleading; and

    3. that defense counsel send a letter to Beautyone advising it of the requirement set out in the preceding paragraph and enclosing a copy of this memorandum order, with a copy of that forwarding letter to be sent to this Court (solely for informational purposes and not for filing, of course).

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:  January 3, 2012